UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CMFG LIFE INSURANCE COMPANY,

    Plaintiff,

v.                                            Case No:   6:15-cv-66-Orl-22TBS

JAMES J. ROBSON as Personal
Representative of the Estate of Arthur B.
Libonati; JAMES J. ROBSON,
individually; and TERRY ROBSON,

    Defendants.

## REPORT AND RECOMMENDATION

The issue before the Court is whether attorney Michael Winston Lanier should be sanctioned for failing to obey Court Orders. On May 22, 2015 I held a hearing on the matter and now, for the reasons set forth below, **I respectfully recommend** that the Court **admonish and sanction** Mr. Lanier.

### I. Background

Plaintiff issued an annuity to Anthony R. Libonati who died of natural causes on October 29, 2014 (Doc. 28 at 2). Plaintiff brings this action for interpleader and declaratory judgment because it is uncertain about which of the Defendants is entitled to the proceeds from the annuity (Id.). Defendant Terry Robson engaged Mr. Lanier to file her answer and counterclaim (Doc. 20).

On March 4, 2015, the Court entered its Related Case Order, Interested Persons Order, and Order Requiring Electronic Filing Directed to Terry Robson (Doc. 21). The Order provides "… no later than **March 18, 2015, Defendant shall file and serve** A CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT utilizing the

attached form." (Id., at 1) (Emphasis in original.). Mr. Lanier failed to comply with the Order.

On April 2, 2015, the Court entered its Order Directing Compliance (Doc. 25), which provides

> … that within fourteen (14) days of the date of this Order, defendant TERRY ROBSON shall file a written response why sanctions should not be imposed for failure to respond to the Related Case Order and Interested Persons Order (Doc. No. 21), responses to which were due no later than March 18, 2015. Failure to respond as directed shall result in sanctions being imposed upon counsel.

(Doc. 25). Mr. Lanier failed to respond to this Order.

On April 7, 2015, Plaintiff filed an unopposed motion for leave to deposit the proceeds of the annuity with the Clerk and to be dismissed from the case (Doc. 28). In the motion, Plaintiff's attorney represents that he has conferred with opposing counsel "and all parties agree that, upon deposit of these funds, [Plaintiff] should be dismissed with prejudice and granted a full and complete discharge from all liability under or relating to the annuity at issue in this case" (Doc. 28, ¶ 4). It seemed odd that having filed a counterclaim, Ms. Robson would agree to the discharge of Plaintiff. Because I suspected that the counterclaim was meant to be a cross-claim, I entered an Order on April 8, 2015, directing Ms. Robson to state in writing whether her pleading was intended as a counter or cross-claim (Doc. 29). The Order also instructed Ms. Robson that if she intended a counterclaim, she should confirm that she consented to dismissal of her counterclaim if Plaintiff's motion was granted (Id.). The Order gave Ms. Robson 14 days (i.e. through April 22, 2015), to respond (Id.).

On April 23, I noted that no response to my Order had been docketed, and I proceeded to enter an Order directing the Courtroom Deputy to schedule a sanctions

- 2 -

hearing where Mr. Lanier would have an opportunity to appear and discuss his failure to comply with two Orders entered by the district judge and one Order entered by me. The Order informed Mr. Lanier that he would have the right to be represented by counsel, to testify, and to present relevant witnesses and evidence at the hearing. It also informed him that the Court would receive evidence and argument concerning any matters of excuse, extenuation, and mitigation he wished to present (Doc. 31).

In response, Mr. Lanier filed a Notice of Filing in which he said he disagreed with the premise that the Federal Rules of Civil Procedure dictate that a counterclaim is automatically dismissed when a Plaintiff voluntarily dismisses its claim but that an amended answer was being submitted to preserve Ms. Robson's lawful claims (Doc. 32). The response missed the point that Ms. Robson had allegedly agreed to the discharge of Plaintiff from all liability, which would necessarily do away with her counterclaim.

Although no Order authorized Ms. Robson to amend her pleadings, on April 23, 2015, Mr. Lanier filed his client's Amended Answer and Cross-Claim of Defendant Terry Robson (Doc. 33). Later that day, the Courtroom Deputy noticed the sanctions hearing for May 11, 2015 at 10:00 a.m. (Doc. 34). Mr. Lanier failed to appear for the hearing. The Courtroom Deputy phoned his law office and was advised that for reasons unknown to me, the hearing was not on Mr. Lanier's calendar. Later that day, he filed Defendant Terry Robson's Certificate of Interested Persons and Corporate Disclosure Statement (Doc. 40). The sanctions hearing was rescheduled to May 22, 2015 (Doc. 39).

On May 15, 2015, Mr. Lanier filed Defendant Terry Robson's Response in Opposition to Entry of Sanctions (Doc. 43). In the response, he apologizes for the late filing of his client's response to Related Case Order, Interested Persons Order, and Order Requiring Electronic Filing Directed to Terry Robson (Id.). But, he does not explain why

he and his client did not comply with either of the district judge's two Orders concerning this matter. Mr. Lanier also stated that he had not intentionally ignored the Court's Orders but the parties had not consented to referral of the case to the magistrate and therefore, he and his staff were, in his words, "understandably confused" when they received an Order from me (Id.). This he said, delayed Ms. Robson's response. Finally, Mr. Lanier argued that my April 23 Order was entered prematurely, before the three additional days provided in Fed. R. Civ. P. 6(d).

On May 20, 2015, the Court received a Motion to Substitute Attorney for Terry Robson (Doc 45). The motion asks that attorney Catherine Faughnan be substituted in the place of Mr. Lanier as counsel for Terry Robson (Id.).

At the contempt hearing Mr. Lanier accepted full responsibility for his failure to comply with the Orders. He explained that Ms. Robson originally approached Ms. Faughnan to represent her. However, Ms. Faughnan was not a member of the Middle District of Florida bar. So, Ms. Faughnan, who was in the process of being admitted to the Court's bar, asked Mr. Lanier to appear for Ms. Robson and he agreed. Mr. Lanier described the situation as one in which there were "two chefs in the kitchen." He said both he and Mr. Faughnan believed the other was working on the case and that while there was no deliberate intent to violate the Orders, he "missed the ball." Ms. Faughnan has now been admitted to the bar of the Middle District of Florida, Ms. Robson has dismissed Mr. Lanier, and Ms. Faughnan is ready to represent the client.

## II. Legal Standard

"Federal courts have the inherent power to impose sanctions on parties, lawyers, or both." In re: Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1304 (11th Cir. 2006). The courts derive this power from the need "to manage their own affairs so as to achieve the

orderly and expeditious disposition of cases.'"  Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)).   The Eleventh Circuit has explained that "[t]he key to unlocking a court's inherent power is a finding of bad faith."  Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998).  See In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995).  "A finding of bad faith is warranted where an attorney [or a client] knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.  A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order."  Barnes, 158 F.3d at 1214 citing Primus Auto Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997).  "Because of their very potency, inherent powers must be exercised with restraint and discretion."  Chambers, 501 U.S. at 44.  "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process."  Id. at 44-45.  "Courts must afford a sanctioned party due process, both in determining the bad faith required to invoke the court's inherent power to impose sanctions and in assessing fees."  In re: Sunshine Jr. Stores, Inc., 456 F.3d at 1306.  "'Due process requires that the [party] be given fair notice that [its] conduct may warrant sanctions and the reasons why.'"  Id., at 1307-08 (quoting In re Mroz, 65 F.3d at 1575).  The failure of a party or attorney "to obey or otherwise respond to the court's orders over an extended period of time" is a valid basis for the imposition of sanctions.  In re: Sunshine Jr. Stores, Inc., 456 F.3d at 1305-06.

### III. Discussion

As Ms. Robson's counsel-of-record, Mr. Lanier is the attorney on the CM/ECF service list to whom copies of all pleadings and papers filed in the case are sent.  He has a professional responsibility to read all papers that are filed and to comply with all Orders

entered in the case. Whether he had three additional days within to comply with my Order is immaterial. Mr. Lanier clearly violated two Orders entered by the district judge. His actions have delayed and thus hindered the administration of justice in this case, and are an affront to the Court's authority.

What I find particularly egregious is Mr. Lanier's failure to respond to the Order Directing Compliance because that Order put him on notice that the Related Case Order, Interested Persons Order, and Order Requiring Electronic Filing Directed to Terry Robson had not been obeyed, and that the Court intended to impose sanctions if he did not respond. To this day, there has been no written response to this Order, and it was not until the contempt hearing that any response was provided. If Mr. Lanier was confused or in doubt about which attorney was going to do the work, or what any of the Orders meant, he should have realized the need to communicate with Ms. Faughnan or the Court. To my knowledge, he never made any inquiry to the Court. And, if he discussed these Orders with Ms. Faughnan, then nothing came of those conversations.

Equally concerning is that Mr. Lanier waited until after the first sanctions hearing to comply with the Related Case Order, Interested Persons Order, and Order Requiring Electronic Filing Directed to Terry Robson. While he must have recognized the peril he was putting his client and himself in by ignoring Court Orders, Mr. Lanier failed to take any corrective action until after he had missed the first sanctions hearing.

Mr. Lanier's explanation that he and his staff were "understandably confused" when they received an Order from me and that this somehow delayed any response to the Orders makes no sense. He could not have been confused about the authority of the district judge and, as a member of the Court's bar, he is supposed to know how the Court operates.

After due consideration, I find Mr. Lanier's conduct in this case to go beyond unprofessional. Despite his assurances that his disobedience was not deliberate, I find Mr. Lanier's failure to obey Orders rises to the level of willfulness and bad faith. I also find that it warrants the imposition of sanctions.

### IV. Recommendation

For these reasons I **respectfully recommend** that the Court make the following findings and conclusions concerning Mr. Lanier:

(1) He failed to obey the Related Case Order, Interested Persons Order, and Order Requiring Electronic Filing Directed to Terry Robson for over two months, until after the time of the first scheduled sanctions hearing.

(2) He failed to obey the Order Directing Compliance.

(3) His explanation for his misconduct does not constitute a valid excuse or mitigating circumstance for his failure to obey Court Orders.

(4) His conduct amounts to a bad faith failure to obey the Orders of the Court.

(5) That Michael Winston Lanier be **publicly admonished and sanctioned** in the amount of $500 payable to the Clerk of the Court within five days of any Order adopting this Report.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on May 27, 2015.

*/s/ T.B.S.*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record